CASE No. 800.

PHINNEY v. JOHNSON.

1. A widow is not affected by the bar of dower provided in Chapter LXXXV., Section 10, of General Statutes, as to lands of which her husband died seized, unless she has accepted a distributive share of her husband's lands.

2. A widow is not estopped from claiming dower in lands sold under execution against herself as administratrix of her deceased husband, and upon which valuable improvements were subsequently erected with her knowledge, notice of the existence of her claim of dower having been had by the purchasers and being chargeable upon them from their title deeds.

3. It is of no concern to the purchaser of such land whether or not the widow has fully administered the personal estate, or has received her full distributive share thereof.*

Before Wallace, J., Fairfield, September, 1879.

This was a petition in the Court of Probate by Mary T. Phinney against William Johnson for dower in lands of which her husband died seized, and which had been sold under a judgment obtained against her as administratrix of her husband's estate. The husband died in May, 1862, action was commenced in March, 1867, judgment entered January, 1868, sale made by sheriff April 5th, 1868, to Seigler, conveyed by Seigler to W. R. Robertson March, 1869, W. R. R. to T. R. Robertson October, 1870, and T. R. R. to this defendant February, 1877. These several deeds all referred back, in terms, to the sheriff's deed, which described the land as the property of "James M. Phinney, now in the hands or under the control of Mary T. Phinney, administratrix, to be administered." The action for dower was commenced April 5th, 1878.

The defences set up by the answer were, that petitioner was not entitled to her dower because she had already accepted a

---

* When *Evans* v. *Pierson,* 9 *Rich* 9, was decided, the act of 1791, (5 *Stat* 163,) was of force. This act is substantially re-enacted in Chapter LXXXV. of the General Statutes, with the very important omission of Section 2. The distribution of personalty is now governed by Chapter LXXXVIII., Section 15, of General Statutes. The opinion here, therefore, deals with the law as it now stands, and not with the act of 1791.

share of her husband's estate under the provisions of the statutes of this state for the distribution of intestates' estates; that she had induced defendant and those from whom he derived title to suppose, by the course of her administration, her conduct, delay and laches, that she had elected not to claim dower; that the several purchasers had greatly improved and enhanced the value of the lot of land, and that the petitioner well knowing that large and valuable improvements were being erected, gave no notice that she intended to claim dower in the premises, and thereby she has estopped herself from now setting up her claim of dower.

The judge of probate held that the administratrix had not yet been discharged from her administration; that she had never accepted a share of her husband's estate under the statute of distributions; and that the several purchasers had knowledge of the existence of the petitioner's claim of dower; and that the petitioner had not, by any conduct upon her part, estopped herself from setting up her claim for dower. The writ was ordered to issue.

Upon appeal to the Circuit Court it was held that W. R. Robertson did not have knowledge of petitioner's claim, but had never had any intimation that she did not intend to make such claim. In all other respects the decree below was confirmed.

Appeal was then taken to this court upon the grounds that there was error in the findings, that petitioner had never accepted a distributive share of her husband's estate; that she had not been guilty of laches, negligence or unreasonable delay in the prosecution of her claim; that she had not by any conduct on her part estopped herself from asserting this claim; and that she was entitled to have her dower admeasured.

*Mr. J. H. Rion,* for appellant.

1. The claim of dower in *this case* ought not to be favored. The widow remains silent, as far as purchasers of the property are concerned, for ten years lacking one day; she *acted* as if she had elected to take under the statute, and not claim dower; her administration was such as to lead any one to infer that she had elected not to claim dower; from 1862 till the end of the war

it was her interest so to elect, as she had a surplus of $3000 to pay $700 of debt; she paid unsealed debts, leaving a sealed debt unpaid, thus virtually assuming that the funds on hand would pay that debt, and leave it to her interest not to claim dower; she actually takes possession of all the personal property, and uses it as her own till petition for dower filed—this, too, when that property is such as to be worn out by *seventeen years' use;* she never applied for leave to sell the personal property which she kept, and never made any return but the one.

2. Her acts and her non-acts amount to an election. These are utterly inconsistent with any other supposition than that she originally made up her mind not to claim dower. Her *de facto* election was not induced by any fraud, as in 10 *Rich.* 159, where the jury found "fraud had been practiced upon her." An election may be *implied.* 2 *Scrib. on Dower* 258, § 49. *Id.* 484, where use of property was held to be an election.

3. Her silence under the facts proven was a constructive fraud. Besides not setting up any claim she allows valuable improvements to be placed upon the lot, which she must have *known* and *seen.* Her dower is to be given her *in all these improvements.* 4 *S. C.* 7. Hence she should have spoken, and having kept silent, should not be allowed now to set up so unrighteous a claim. *Bigelow on Estoppel* 501, 502, note, and 511, 578.

4. The respondent is estopped from claiming dower. The doctrine of estoppel applies to claims of dowers. 2 *Scrib. on Dower* 251, 252, 253. Her administration, her silence, her allowing improvements without giving warning, and the whole history of this case, make the strongest case of estoppel, not in deed, that can be conceived to arise.

The court will observe that the respondent does not deny that she knew of these improvements being made; also that the appellant, Wm. Johnson, who paid $5000 for this property, lives in Charlotte, N. C.

*Mr. J. S. Reynolds,* for respondent.

The demandant is said to be barred of her dower by the acceptance of a distributive share in the personalty. Could she elect? As administratrix, she was trustee for creditors, and the

personalty in her hands became depreciated to an amount insufficient to pay debts; an election was thus beyond her power. Did she elect? There is no testimony to show anything like a distribution. A waste of assets would be a *devastavit*, not an election. If she is held to have made election, then she gets absolutely nothing from her husband's estate.

But what is an election? Acquiescence is not. 2 *Desaus.* 299. It cannot be compelled until the estate is settled. 2 *McC. Ch.* 280; 2 *Rich. Eq.* 237. See, too, 3 *Rich. Eq.* 282; 10 *Rich.* 159. Whether there has been an election is a question of fact. 2 *McM.* 215; 10 *Rich.* 159.

As to demandant's negligence, laches, &c., see 2 *Mill Const. R.* 64; 9 *Rich.* 395; 10 *S. C.* 451.

Upon the matter of estoppel—she said nothing to mislead— knowledge of her claim was possessed by the purchasers as well as by herself; that knowledge was derived from their own title deeds. 3 *Strob. Eq.* 42; 4 *Rich. Eq.* 92; 4 *S. C.* 257; *Wade on Notice*, §§ 308, 309. The rule of *caveat emptor* applies. 6 *Rich.* 362. The sufficiency of notice is a question of fact, (2 *Bail.* 298; 6 *S. C.* 146; *Wade on Notice*, § 85,) and has been resolved against defendant.

January 9th, 1880. The opinion of the court was delivered by

WILLARD, C. J. This is an appeal from a Circuit decree, affirming a decree of the Probate Court, awarding dower to the demandant, M. T. Phinney, out of lands of which her husband died seized, now in the hands of the respondent, Johnson. The husband of the demandant died in 1862, and she took out letters of administration in the same year. The estate consisted partly of personalty, that went into the hands of the demandant as administratrix, that has never been fully administered, and partly of this land in suit. This land was sold in 1868, under a judgment rendered against the demandant as administratrix, and is held by the respondent under the sheriff's title, made through such sale, and has been improved in the hands of the purchasers by the erection of buildings thereon. It is contended that the demandant has elected to take a distributive share of the estate

of her husband in lieu of dower, or, at all events, that she is estopped from denying such election by lapse of time and conduct on her part amounting to a representation that such election had been made.

The provision of law under which it is claimed that the demandant is barred, is as follows, (*Gen. Stat.* 441, § 10): " In all cases where provision is made by this chapter for the widow of a person dying intestate, the same shall, if accepted, be considered in lieu of and in bar of dower." The chapter referred to here relates exclusively to the distribution of the lands of intestates, the distribution of personalty being governed by the provisions of a subsequent title and chapter. Unless, then, it appears that the demandant has received a distributive share of the lands of her deceased husband, she cannot be regarded as directly affected by the bar of dower provided in this act. It does not appear that she has received such a provision, or that there are any lands of her husband out of which she could receive such provision, other than the lands in suit. As these lands have been sold to pay the debts of the estate, it is manifest that she has derived no such benefit from them.

Is she, then, estopped from claiming dower at the present time? The ground alleged is her silence while improvements were being made on the premises with knowledge of such improvements, coupled with lapse of time, and having, as administratrix, the personalty of the estate of her decedent not fully administered, and failure to make annual returns. The foundation of equitable estoppel is the ignorance of the party seeking its benefit, induced by the conduct of the party against whom it is asserted. The Probate judge has found that the purchasers who successively took title under the sheriff's deed, " had knowledge of the existence of the petitioner's claim of dower in the lands sold." In addition to this finding, it must be assumed that these parties knew the nature of the title they held, and, consequently, that the lands held by them were those of which the decedent died seized. Knowledge of the demandant's claim of dower is presumable from this fact. They are also chargeable with knowledge of the fact that taking these lands for the debts of the estate, precluded the demandant from that provision in

the lands of her husband that alone could, under the statute, bar her claim of dower.

The possession of the personal estate unadministered, is immaterial to the present question. The respondent has no concern in the administration of the estate, as far as appears, and it is of no importance to him whether the estate was well or ill administered. Assuming that the demandant had full enjoyment of her distributive share of the personalty, that would not bar her right of dower in the lands of which her husband died seized.

It follows that there is no error in the Circuit decree, and it should be affirmed and the appeal dismissed.

McIVER, A. J., concurred.